# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 18-00294 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RONALD W. REEVES | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Pending before the Court is a motion for compassionate release [Doc. No. 39] filed by Defendant Ronald W. Reeves ("Reeves"). Reeves is currently serving a 41-month term of incarceration at Oakdale II FCI. He moves the Court to release him to home confinement immediately because of "his vulnerability to the deadly corona virus." *Id.* Reeves points out that he is 69 years old, has Type 2 diabetes, hypertension, and high cholesterol, and underwent triple bypass heart surgery in January of 2018. He also explains that he was previously the primary caretaker for his granddaughter, who has special needs, and that the corona virus has made it impossible for his son to find a caregiver for her. He asserts that he has made an emergency furlough request to the Warden "until this blows over," but does not indicate that he has received a response to that request. *Id.* He moves the Court to grant his emergency furlough request or, alternatively, to sentence him to home confinement.

Given the issues raised, the known threat from the Covid-19 pandemic, and the death of five prisoners at the Oakdale facilities,[1] the Court ordered the United States to file a response no

---

[1] Oakdale I FCI, Oakdale II FCI, and the Oakdale Camp are all located on this campus in Oakdale, Louisiana.

later than Thursday, April 9, 2020, by 3:00 p.m. [Doc. No. 40]. The United States complied with that directive and filed its opposition [Doc. No. 41] this morning. The United States argues that Reeves is not entitled to the relief requested at this point because he has not exhausted his administrative remedies with the Bureau of Prisons ("BOP"), and, therefore, the Court does not have jurisdiction to consider his motion.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). In this case, Reeves moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Prior to filing such motions, however, prisoners must exhaust their administrative remedies in one of two ways: (1) prisoners can file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) prisoners can file a motion after

requesting release, but there is "the lapse of 30 days from the receipt . . . of such a request" by the warden of the moving inmate's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). The administrative-exhaustion provision of the First Step Act is set out in mandatory terms. It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* This mandatory statutory exhaustion requirement provides no exceptions.

In this case, however, Reeves asserts only that he made a request for an emergency temporary furlough to the Warden. He does not assert that the request was denied, nor does he assert that he requested a compassionate release to home confinement (rather than only a temporary furlough).

While the Court is well aware of the effects the Covid-19 pandemic and the heightened risk at the Oakdale facilities, § 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period. Accordingly, the Court does not have authority at this time to grant the relief Reeves requests. *See, generally, Ross v. Blake,* 136 S. Ct. 1850, 1856–57 (2016) (reviewing the Prisoner Litigation Reform Act and explaining that "mandatory [statutory] language means a court may not excuse a failure to exhaust"; This is because "a statutory exhaustion provision stands on a different footing. There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to.").

The Court shares Reeves' concerns about the effect of the Covid-19 outbreak at the Oakdale facilities. However, those concerns are not being ignored by the BOP or this Court. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"),

Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release." Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations." *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/8/2020). The BOP is currently reviewing all prisoners at the Oakdale facilities for some type of release, removal, or furlough, if appropriate, under the standards issued by the CDC on which persons are at heightened risk.

Additionally, the American Civil Liberties Union ("ACLU") has brought a class action on behalf of inmates at the Oakdale facilities, a prospective class which includes Reeves. The ACLU case is proceeding at this time. *See Livas v. Myers*, Civil Action No. 20-422 (W.D. La.). [2]

For the foregoing reasons,

IT IS ORDERED that Reeves' motion is DENIED at this time, subject to re-urging if Reeves exhausts his administrative remedies as set forth in the statute.

MONROE, LOUISIANA, this 9th day of April, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] The ACLU brought the action in the name of representative Plaintiffs Brandon Livas, Richard Buswell, Carlos Martin, and Gaines Andre.