UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 18-00294** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RONALD W. REEVES** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Compassionate Release [Doc. No. 43] filed by Defendant Ronald W. Reeves ("Reeves") in accordance with 18 U.S.C. § 3582. For the reasons set forth herein, the motion is DENIED.

**I.    Background**

On April 5, 2019, Reeves pled guilty to 2 counts of Mail Fraud. On October 2, 2019, Reeves was sentenced to a 41-month term of imprisonment, 3 years of supervised release and restitution in the amount of $86,239.16. Reeves had no criminal history and had a criminal history score of 0, resulting in the lowest criminal history category of I. The guideline range for the offense was 41–51 months, so Reeves received the lowest end of the guideline range sentence. He voluntarily surrendered to the Bureau of Prisons ("BOP") on January 7, 2020.

On April 6, 2020, after serving just less than 3 months of a 41-month sentence, Reeves filed his first Motion for Compassionate Release [Doc. No. 39]. On April 9, 2020, that motion was denied based on failure to exhaust his administrative remedies [Doc. No. 42].

On April 20, 2020, Reeves submitted a request to the Warden of Federal Correctional Complex, Oakdale ("FCC Oakdale") for compassionate release. The 30-day exhaustion period

was satisfied on May 20, 2020. On June 3, 2020, the Motion for Compassionate Release was denied by the Warden.

Thereafter, on May 27, 2020, Reeves filed the pending Re-Urged Motion for Compassionate Release [Doc. No. 43]. In the motion, Reeves argues his age and medical conditions, combined with the COVID-19 virus, warrants "extraordinary and compelling reasons" for a sentence reduction. He asks for a "time served" sentence and to be placed on supervised release, where he would reside with his family in Delhi, Louisiana.

On July 4, 2020, Reeves filed a Memorandum in Support of Motion for Compassionate Release [Doc. No. 47]. On July 13, 2020, the Government filed their Response in Opposition to the motion [Doc. No. 49].

## II. Jurisdiction

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release. However, before filing a motion with the court, prisoners must exhaust their administrative remedies with the Bureau of Prisons (" BOP"). This requirement is jurisdictional. *See United States v. Garcia,* 607 F.3d 209 (5th Cir. 2010).

The Government concedes and the record reflects that Reeves has exhausted his administrative remedies by submitting a compassionate release application to the Warden and receiving a response therefrom. Therefore, Reeves has exhausted his administrative remedies, and this Court has jurisdiction to proceed with his motion.

## III. Parties' Arguments

In his motion for compassionate release, Reeves maintains that the COVID-19 pandemic, combined with his medical conditions of type 2 diabetes, hypertension, 2018 triple by-pass heart surgery and his age of 69, are "extraordinary and compelling circumstances" which require the

Court to reduce his sentence to "time served". Reeves states if he were released, he would reside with his family in Delhi, Louisiana, along with his two sons, his daughter-in-law, and granddaughter.

In its Response, the Government opposes compassionate release by Reeves. The Government argues that Reeves does not meet the policy statements by the Sentencing Commission. The Government maintains that in accordance with the 18 U.S.C. § 3553(a) factors, reducing a 41-month sentence to "time served" after only 6 months, falls short of providing punishment for Reeve's offenses, does not promote respect for the law, deterrence, just punishment, and would also cause unwanted sentencing disparities.

**IV.  Law and Analysis**

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c) a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Brown moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among

other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A.  Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)  extraordinary and compelling reasons warrant the reduction; . . .
>
> (2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)  the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling" :

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

      Medical Condition of the Defendant.—

      (i)      The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

      (ii)     The defendant is—

         (I)   suffering from a serious physical or medical condition,

         (II)  suffering from a serious functional or cognitive impairment, or

         (III)) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

  (B)      Age of the Defendant.—The defendant

      (i)     is at least 65 years old;

      (ii)    is experiencing a serious deterioration in physical or mental health because of the aging process; and

      (iii)   has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

  (C)      Family Circumstances.

      (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D)      Other Reasons.

      As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

**B.     Analysis**

The "extraordinary and compelling reasons" cited by Reeves are his age and medical condition, heightened by the risk of COVID-19.  He is 69 years of age and has type 2 diabetes, hypertension, prior heart condition, and high cholesterol.  His age (69), hypertension, and type 2 diabetes are  risk factors identified by the CDC as heightening the risk of severe injury or death were an inmate to contract COVID-19.

**1.     Medical Condition**

In his request, Reeves maintains his medical conditions are  type 2 diabetes, hypertension, prior heart condition, and high cholesterol.  He is also 69 years of age.   Reeves is not suffering from a terminal illness.  He is not suffering from serious functional or cognitive impairment or experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which the defendant is not expected to recover.  Although  he is 65 or older (age 69), he  has not served 10 years or 75% of his sentence.

The Government agrees that Reeves' chronic condition presents a "serious physical or medical condition … that substantially diminishes his ability to provide self-care within the environment of a correctional facility" in that his ability to provide self-care as a result of COVID-19 is substantially diminished within the environment of a correctional facility by the chronic condition itself.

The BOP has taken further action since the passage of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136.  Section 12003(b)(2) of the Act "expand[s] the cohort of inmates who can be considered for home release."  Pursuant to that provision of the CARES Act, on April 3, 2020, United States Attorney General William Barr issued a memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations."  *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, The Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://politi.co/2UV3JBi (last visited 4/27/2020).  In the same Memorandum, Barr writes that the BOP "give priority in implementing these new standards to the most vulnerable inmates at the most affected facilities."  *Id.*  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk.  The BOP has released 7,108 prisoners to home confinement under its process. https://www.bopgov/coronavirus (last visited 07/27/2020).

Courts have consistently held that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence…." *United States v. Clark,* Crim. Action No. 17-85-SDD-RLB, 2020 WL 1557397, at *6 (M.D. La.

April 1, 2020). *See also United v. Raia,* 954 F3d 594, 597 (3d Cir. 2020) (holding that the spread of COVID-19 alone "cannot independently justify compassionate release, especially considering the BOP's role, and its extensive and professional efforts to curtail the virus's spread); *Mazur*, Crim. Action No. 18-68 at *1, 3-4 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19). Therefore, the Court finds that the Defendant has failed to meet his burden that the conditions at Federal Correction Institute Oakdale and the potential exposure to COVID-19 present extraordinary and compelling circumstances according to 18 U.S.C. § 3582(c)(1)(A).

Oakdale II FCI (where Reeves is housed) has one inmate positive and seven staff positive. There has been one inmate death. Six inmates and six staff have recovered. https://www.bopgov/coronavirus. Since Reeves has only "general concerns" about possible exposure to COVID-19, he is not entitled to compassionate release.

2. **Danger to the community and § 3553(a) factors**

Reeves states he is not a violent offender or any threat to society. He asks for a "time served" sentence which would be approximately 6 months of a 41-month BOP sentence. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release as required by 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person,"

including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

    (1)    the nature and circumstances of the offense and the history and Characteristics of the defendant; [and]

    (2)    the need for the sentence imposed –

        A.    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        B.    to afford adequate deterrence to criminal conduct;

        C.    to protect the public from further crimes of the defendant;…

Reeves had no criminal history points and received the lowest criminal history category of I. This is Reeves first criminal conviction. This Court does not believe that he would be a danger to society if released.

However, in evaluating the § 3553(a) factors, this Court does not believe that Reeves is entitled to compassionate release. The Court also has to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense. The Court is also to consider whether the sentence affords adequate deterrence to criminal conduct.

Although this Court does not believe that Reeves would be a danger to society if released, re-sentencing Reeves to "time served", which would be 6 months of a 41-month sentence, would

9

not reflect the seriousness of the offense, would not promote respect for the law, would not provide just punishment for the offense, and would not afford adequate deterrence to criminal conduct.

Reeves' crime was serious. He received the lowest guideline sentence of 41-months of a 41 to 51-month guideline range. The crime lasted over three years and victimized 65 individuals. During that span, Reeves himself pocketed over $80,000.00 by participating in various scams that involved stolen income tax refunds, stolen mail, forged checks, and hundreds of unauthorized debit and credit cards. At sentencing, Reeves was held responsible for $400,000.00 in intended losses and he was ordered to pay approximately $86,000.00 in restitution.

Considering the 18 U.S.C. § 3553(a) factors, along with the factors in 18 U.S.C. § 3142(g), Reeves is not entitled to compassionate release.

**V.    Conclusion**

For the foregoing reasons, it is ordered that the Motion for Compassionate Release [Doc. No. 43], filed by Reeves is **DENIED.**

MONROE, LOUISIANA this 27th day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE